Filed 11/19/13  Tina C. v. Superior Court CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| TINA C.,<br><br>             Petitioner,<br><br>      v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>             Respondent;<br><br>FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>             Real Party in Interest. | F068077<br><br>(Super. Ct. No. 13CEJ300017)<br><br><br>**O P I N I O N** |

### THE COURT*

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Mary Dolas, Commissioner.

Tina C., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

\*      Before Levy, Acting P.J., Gomes, J., and Kane, J.

Tina C. (mother) in propria persona seeks an extraordinary writ (Cal. Rules of Court, rule 8.452) from a juvenile court's order terminating reunification services and setting a Welfare and Institutions Code section 366.26 hearing as to her one-year-old son.[1] Mother makes no claim of error, however, in her petition. At most, she checks boxes on the form petition requesting orders for reunification services, visitation, and return of custody without explanation. Due to the inadequacy of mother's petition, we will dismiss it.

## DISCUSSION

The purpose of writ proceedings such as this is to facilitate review of a juvenile court's order setting a section 366.26 hearing to select and implement a permanent plan for a dependent child. (Cal. Rules of Court, rule 8.450(a).) A court's decision is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to a petitioner to raise specific issues and substantively address them. (§ 366.26, subd. (*l*).) This court will not independently review the record for possible error. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) As noted above, mother does not raise any issues in her petition.

Out of an abundance of caution, we have reviewed the record surrounding the order setting the section 366.26 hearing in relation to mother's requests for relief. The record, however, consists of undisputed evidence, including mother's own testimony, that she was not regularly participating in the court-ordered treatment plan. In addition, there was neither evidence of any progress on mother's part in addressing the problems which led to the child's removal, nor evidence of a substantial probability that the child could be returned to mother within the next six months. Consequently, there was no legal reason

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

for the juvenile court to refrain from terminating services and setting the section 366.26 hearing.  (See § 366.21, subd. (e).)

## DISPOSITION

The petition for extraordinary writ is dismissed.  This opinion is immediately final as to this court.